IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer Leissner, : 
                Petitioner : 
                 : 
       v. :   No. 1451 C.D. 2021
                 :   Submitted: February 10, 2023
City of Philadelphia (Workers' : 
Compensation Appeal Board), : 
                Respondent : 

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE LORI A. DUMAS, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE DUMAS                          FILED: May 17, 2023

Jennifer Leissner (Claimant) has petitioned this Court to review the adjudication of the Workers' Compensation Appeal Board (Board), affirming the decision of the Workers' Compensation Judge (WCJ). The WCJ granted a petition to modify disability benefits filed by the City of Philadelphia (Employer). Claimant challenges as unconstitutional the retroactive application of Act 111,[1] which altered the criteria of the impairment rating evaluation (IRE) process. Upon review, this case is controlled by *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Co.)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021), in which this Court previously rejected similar claims. Thus, we affirm.

---

[1] Act of October 24, 2018, P.L. 714, No. 111 (Act 111). Act 111 repealed Section 306(a.2) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, and added Section 306(a.3), 77 P.S. § 511.3.

# I.    BACKGROUND[2]

In January 2013, Claimant sustained a work-related injury and was awarded disability benefits.  In September 2020, she underwent an IRE performed by Arnold T. Berman, M.D.  In addition to performing a physical examination, Dr. Berman reviewed Claimant's medical history and considered her subjective complaints.  Ultimately, Dr. Berman assigned Claimant a 6% impairment rating pursuant to the Sixth Edition AMA Guides to the Evaluation of Permanent Impairment (Guides) (second printing April 2009).  In July 2020, more than five years after Claimant had received 104 weeks of total disability benefits, Employer filed a modification petition based on the IRE results.

Upon reviewing the evidence, the WCJ granted Employer's modification petition, which modified Claimant's disability benefits from total to partial as of the IRE date.  The WCJ concluded that this Court had already deemed Act 111 to be constitutional and that the use of the Sixth Edition AMA Guides did not violate the non-delegation clause.  Claimant appealed to the Board, which affirmed based on our holding in *Pierson*.  Claimant then timely petitioned this Court for review.[3]

# II.    ISSUE

Claimant asserts that Act 111 is unconstitutional because it retroactively applies to prior injuries and credits employers for benefits paid before its enactment.  *See generally* Claimant's Br. at 11-28.  She maintains that because

---

[2] Unless stated otherwise, we adopt the factual background for this case from the WCJ's Decision, which is supported by substantial evidence of record.  *See* WCJ's Dec., 4/27/2021.

[3] Our scope of review on appeal is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact were supported by substantial evidence. *City of Phila. v. Workers' Comp. Appeal Bd (Thompson)*, 264 A.3d 408, 411 n.5 (Pa. Cmwlth. 2021).

Employer accepted her injury prior to Act 111's enactment, she retains vested rights in her disability benefits. *See id*. at 19, 25-26, 28.[4]

### III.   DISCUSSION

In 2018, the Pennsylvania General Assembly enacted Act 111, which modified the process to assess a claimant's ongoing disability status in the context of workers' compensation claims. Pursuant to Section 306(a.3) of the Act, a claimant's disability status may be modified based on the results of a physician's IRE, which an employer can request a claimant undergo upon receipt of 104 weeks of total disability compensation.[5] *See* 77 P.S. § 511.3. Claimants with impairment ratings of 35% or higher maintain total disability status, whereas ratings below the statutory threshold result in a change of disability status from total to partial.[6] *Id*.

In *Pierson*, we assessed the rights that claimants are afforded concerning disability benefits. We emphasized that while claimants are entitled to some rights until they are found ineligible for disability benefits, "there are reasonable expectations under the Act that benefits may change." *Pierson*, 252 A.3d at 1179. In concluding that Act 111 is constitutional, the *Pierson* Court also held

---

[4] In response, Employer rejects Claimant's arguments and directs this Court to settled precedent. *See* Employer's Br. at 9-12. Employer also argues that the WCJ's findings are supported by substantial evidence. *See id.* at 12-14. However, because Claimant does not raise this challenge, we need not resolve it here.

[5] Section 306(a.3) expressly adopted the Sixth Edition of the AMA Guides (second printing April 2009) as the basis for a qualified physician's IRE. 77 P.S. § 5ll.3. In *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306, 317 (Pa. Cmwlth. 2019), *aff'd*, (Pa., No. 88 MAP 2019, filed August 18, 2020) (*per curiam*), this Court determined that Section 306(a.3) of the Act does not constitute an unconstitutional delegation of legislative authority because the General Assembly named and adopted a particular set of standards as its own.

[6] A change in disability status does not alter the amount of compensation received by a claimant but limits the receipt of benefits to 500 weeks. *See* Section 306(b) of the Act, 77 P.S. § 512(1).

that a claimant does not "automatically lose anything by the enactment of Act 111." *Id*. *See DiPaolo v. UPMC Magee Women's Hosp*. *(Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 435 (Pa. Cmwlth. 2022) ("there is no right to ongoing [temporary total disability] status"), *appeal denied*, 290 A.3d 237 (Pa. 2023). Further, the *Pierson* Court concluded that the legislature clearly expressed its intent to apply the credit provisions retroactively through the plain language of the statute. *See Pierson*, 252 A.3d at 1180; *see also* Act 111, § 3(1) ("[A]n insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph."), § 3(2) ("[A]n insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph.").

   *Pierson* is dispositive in the instant matter. Like the claimant in *Pierson*, Claimant sustained a work-related injury prior to the enactment of Act 111. *See Pierson*, 252 A.3d at 1171. Similar to the claimant's arguments raised in *Pierson*, Claimant avers that Act 111 is a substantive amendment, challenges the retroactivity of the credit provisions, and asserts a vested right to disability benefits. *See id*. at 1175. Identical to the *Pierson* employer, Employer sought modification of Claimant's benefits based on an IRE that was obtained after Act 111's enactment. *See id*. at 1172. Therefore, based on our reasoning in *Pierson*, we reject Claimant's arguments. *Accord DiPaolo*, *Hender-Moody v. Am. Heritage Fed. Credit Union (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 166 C.D. 2021, filed February 15, 2022) (unreported) *appeal denied*, 284 A.3d 119 (Pa. 2022); *Dohn v. Beck N'Call (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 103 C.D. 2021, filed September 20, 2021) (unreported), *appeal denied*, 275 A.3d 79 (Pa. 2022); *McDonald v. Pa.*

*Turnpike Comm'n (Workers' Comp. Appeal Bd.)*, Pa. Cmwlth., No. 39 C.D. 2022, filed November 4, 2022).[7, 8]

Thus, we affirm.

_____
LORI A. DUMAS, Judge

[7] We cite unreported opinions for their persuasive value. *See* Pa.R.A.P 126(b)(1); 210 Pa. Code § 69.414(a).

[8] Claimant baldly asserts that this Court should reconsider *Pierson*. *See* Claimant's Br. at 34. However, "we are bound to follow the decisions of our Court unless overruled by the Supreme Court or where other compelling reasons can be demonstrated." *Crocker v. Workers' Comp. Appeal Bd. (Georgia Pacific LLC)*, 225 A.3d 1201, 1210 (Pa. Cmwlth. 2020) (*en banc*) (citation omitted). Claimant does not raise new arguments that would prompt us to deviate from *Pierson*, and we discern no compelling reason to disturb our prior holding. Thus, we decline to reconsider *Pierson*. *See id.*

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer Leissner,                 :
           Petitioner     :
                    :
       v.               :    No. 1451 C.D. 2021
                    :
City of Philadelphia (Workers'   :
Compensation Appeal Board),   :
          Respondent   :

# **O R D E R**

AND NOW, this 17th day of May, 2023, the order of the Workers' Compensation Appeal Board, entered December 2, 2021, is AFFIRMED.

LORI A. DUMAS, Judge